**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JEROME SYKES,
*Defendant-Appellant.*

No. 10-50399

D.C. No.
2:04-cr-00484-
GHK-1

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted
September 1, 2011—Pasadena, California

Filed September 26, 2011

Before: Arthur L. Alarcón, Diarmuid F. O'Scannlain, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Alarcón

**COUNSEL**

Sean K. Kennedy, Federal Public Defender and Matthew B. Larsen (argued), Deputy Federal Public Defender, Los Angeles, California for the defendant-appellant.

André Birotte Jr., United States Attorney, Robert E. Dugdale and David M. Herzog (argued), Assistant United States Attorneys, Los Angeles, California for the plaintiff-appellee.

**OPINION**

ALARCÓN, Circuit Judge:

Jerome Sykes appeals from the district court's denial in part of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He contends that the district court's modification of his sentence to the 120-month mandatory minimum term pursuant to 21 U.S.C. § 841(b)(1)(A) constituted the application of a new sentence, in violation of *Dillon v. United States*, 130 S. Ct. 2683 (2010), and that the sentence the court ordered violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm because we conclude that the district court's application of the 120-month mandatory minimum term pursuant to § 841(b)(1)(A) did not constitute the imposition of a new sentence.

**I**

**A**

On February 24, 2004, Jerome Sykes was indicted in the United States District Court for the District of Nevada on four counts of distribution of a controlled substance. In accordance with a written plea agreement, he pled guilty on May 17, 2004, to Count 1 of the indictment, distribution of at least 5

grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (1999); and Count 4, distribution of at least 50 grams of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (1999).

Sykes admitted at his plea hearing that he had, in fact, distributed "at least 50 grams of a mixture or substance that contained cocaine base." The court informed him that it was required to impose a mandatory minimum sentence of five years for Count 1 and ten years for Count 4. Sykes stated that he understood, and confirmed that he still wished to plead guilty.

At his sentencing hearing on August 23, 2004, the district court calculated his mandatory[1] Sentencing Guidelines range at 121 to 151 months.[2] The district court did not state in that hearing that he was subject to a mandatory minimum term. It sentenced him to a low-end sentence of 121 months.[3]

---

[1]Sykes was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in which the Court held that the Guidelines are only advisory. *Id.* at 250-65.

[2]Although the district court did not state the section of the Sentencing Guidelines on which it relied, the parties agreed and stipulated in the plea agreement that Sykes would be sentenced with a base offense level of 34 pursuant to U.S.S.G. § 2D1.1.

[3]The judgment entered by the district court on August 23, 2004, correctly reflects that Sykes was charged in Count 4 with "Distribution of a Controlled Substance in violation of Title 21 USC 841(a)(1), (b)(1)(A)(iii)." The amended judgment, entered on August 8, 2010, in which the sentence was modified pursuant to Sykes' motion under 18 U.S.C. § 3582(c)(2), however, erroneously provides that Sykes was charged in Count 4 of the indictment with "Distribution of a Controlled Substance in Violation of TITLE 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii)." The reporter's transcript of the plea proceedings reflects that the district court correctly informed Sykes that he was charged in Count 4 with a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and stated that the mandatory statutory sentence for that crime was ten years. In the August 23, 2004, sentencing proceedings, Sykes' counsel correctly stated that his client was "facing at least a ten year mandatory minimum sentence." Reporter's Transcript at 5. The parties have not challenged the obvious harmless clerical error in the amended judgment.

## B

On November 1, 2007, the U.S. Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines. U.S.S.G. app. C, amend. 706 (Supp. 2007). Amendment 706 "modifies drug quantity thresholds in the Drug Quantity Table [of § 2D1.1]" by adjusting those quantities downward two offense levels, "so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory minimum penalties."[4] *Id.* (emphasis omitted). Under Amendment 706, "50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses)." Effective May 3, 2008, the Sentencing Commission revised policy statement § 1B1.10 to include Amendment 706 in the list of amendments to the Guidelines which apply retroactively. U.S.S.G. § 1B1.10(c) (eff. May 3, 2008).

On February 18, 2009, Sykes filed a motion pursuant to 18 U.S.C. § 3582(c)(2)[5] to reduce his sentence based on Amendment 706. In his motion, Sykes argued,

---

[4] Unless the career offender provision of the Sentencing Guidelines applies, offenders convicted under 21 U.S.C. § 841(b)(1)(A) are sentenced pursuant to U.S.S.G. § 2D1.1.

[5] 18 U.S.C. § 3582(c)(2) provides as follows:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

First, the amendment to § 2D1.1 and the Sentencing Commission's decision to make it retroactive means the Court may reduce Mr. Sykes's sentence and impose a new sentence under 18 U.S.C. § 3582(c)(2). Second, there is no mandatory minimum because the requirements of *Apprendi* have not been satisfied. There was no allegation in the indictment, let alone a finding by the court, that the cocaine base in question was 'crack,' as required by the Ninth Circuit's recent decision in *United States v. Hollis*, 490 F.3d 1149 (9th Cir. 2007),[6] *see id.* at 1156.

In a written order filed on August 6, 2010, the district court calculated the applicable amended Sentencing Guidelines as 97 to 121 months pursuant to § 2D1.1. It further held that the mandatory minimum was applicable, and because that mandatory minimum statutory sentence was 120 months, it modified Sykes' sentence under the amended version of § 2D1.1 to 120 months. We have jurisdiction over Sykes' timely appeal pursuant to 28 U.S.C. § 1291.

## II

In the § 3582(c)(2) proceeding, Sykes argued that the statutory minimum sentence of 120 months was not "imposed" at the time of his original sentencing. Instead, the district court

---

[6]Prior to oral argument in this matter, the Supreme Court abrogated *Hollis* in *DePierre v. United States*, 131 S. Ct. 2225 (2011). In *DePierre*, the Supreme Court rejected the contention that the term "cocaine base," as used in 21 U.S.C. § 841, refers solely to "crack cocaine." *Id.* at 2231-32. The Court noted that "there is no 'settled meaning'—scientific or otherwise—of 'cocaine base' . . . to apply to § 841(b)(1)." *Id.* at 2232 n.8. It concluded that "cocaine base" as used in that section "refers generally to cocaine in its chemically basic form." *Id.* at 2227-28. By this phrase, it referred to the molecule $C17H21NO4$, which is found in freebase and coca paste as well as crack. *Id.* at 2231. Accordingly, Sykes' counsel conceded at oral argument that his *Hollis* argument was moot.

imposed a sentence of 121 months pursuant to the Sentencing Guidelines range applicable to a base offense level of 34 and Criminal History Category I under U.S.S.G. § 2D1.1. Before this court, Sykes argues that the district court's imposition of the mandatory statutory minimum in the § 3582(c)(2) proceeding constituted a resentencing rather than a sentence modification. Therefore, he maintains that his sentence must be vacated and this case should be remanded for a sentence reduction pursuant to the amended Sentencing Guidelines range, without regard to the mandatory minimum term under § 841(b)(1)(A)(iii).

The denial of a motion to modify a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009). A district court's refusal to depart below the statutory minimum sentence is reviewed *de novo*, "because that decision involve[s] a question of law and not the exercise of discretion." *United States v. Wipf*, 620 F.3d 1168, 1169 (9th Cir. 2010).

Before the district court, the parties relied on *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In *Hicks*, we held that, even where the defendant had been originally sentenced prior to *United States v. Booker*, 543 U.S. 220 (2005), *Booker* nonetheless applied in sentence modification proceedings conducted pursuant to § 3582(c)(2). *Hicks*, 472 F.3d at 1171-72. We stated, "*Booker* was not a mere statutory change which can be set aside to allow us to pretend it is 1993 for the purpose of modifying Hicks' sentence; rather, it provides a constitutional standard which courts may not ignore by treating Guidelines ranges as mandatory in any context." *Id.* at 1173. Sykes argued that, like *Booker*, "*Apprendi* and its progeny are not a mere statutory change," and that, under *Hicks*, the district court was required to apply *Apprendi* in modifying his sentence. The Government asserted that the tension faced by a district court in determining whether to treat the Guidelines as mandatory in a § 3582(c)(2) proceeding would not arise with respect to a claim under *Apprendi* because

§ 3582(c)(2) "does not permit, let alone require, a district court to reconsider non-Guidelines-related claims, constitutional or otherwise . . . ."

**[1]** Prior to issuance of the district court's order, the Supreme Court abrogated *Hicks* in *Dillon v. United States*, 130 S. Ct. 2683 (2010). The Court held that, because § 3582(c) proceedings are governed by the policy statements issued by the Sentencing Commission, and because the policy statement encompassed in U.S.S.G. § 1B1.10 "instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected[,]' " a district court is not required to apply *Booker* in § 3582(c)(2) proceedings. *Id.* at 2688-89, 2692-93 (quoting U.S.S.G. § 1B1.10)). Interpreting the text and scope of § 3582(c)(2), the Court concluded that "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2691. With respect to the constitutional concerns presented by Dillon, the Court stated, "We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Id.* at 2692.

**[2]** Because § 3582(c)(2) proceedings are limited by the policy statements of the Sentencing Commission, we have held that district courts may not vary below the reduced Guidelines range in modifying the defendant's sentence. *United States v. Fox*, 631 F.3d 1128, 1130-33 (9th Cir. 2011), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. June 10, 2011) (No. 10-11130); *see also Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011) ("[T]he policy statement seeks to isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence. Working backwards from this purpose, § 3582(c)(2) modification proceedings should be

available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence or to approve the [plea] agreement.").

**[3]** Sykes' sentencing range under the Guidelines in effect on the date of his sentencing, August 23, 2004, was 121 to 151 months—one month more than the mandatory statutory minimum sentence of 120 months provided by § 841 (b)(1)(A). The district court lacked the discretion to vary below the Sentencing Guidelines Range of 121 to 151 months prior to *Booker*. *See* 18 U.S.C. § 3553(b)(1) (requiring court to impose a sentence within the Sentencing Guidelines range unless it found that Sentencing Commission had not accounted for relevant mitigating or aggravating factors), *invalidated by United States v. Booker*, 543 U.S. 220 (2005).

Pursuant to Amendment 706, the base offense level applicable to the possession of 50 grams of cocaine base was reduced from 34 to 30. *See* U.S.S.G. app. C (supp.), amend. 706. The sentencing range applicable to Criminal History Category I, with a base offense level of 30, was 97 to 121 months —encompassing the 120-month statutory minimum sentence under § 841(a)(1), (b)(1)(a)(iii). Amendment 706 became retroactive on May 3, 2008.

On August 5, 2008, the district court in this matter held that it was bound to apply the mandatory minimum term of 120 months under 21 U.S.C. § 841(b)(1)(A) to Sykes. Pursuant to 21 U.S.C. § 841(b), "any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ." 21 U.S.C. § 841(b).

Before accepting a guilty plea, the court, in an open hearing, "must inform the defendant of, and determine that the defendant understands . . . any mandatory minimum penalty"

he faces. Fed. R. Crim. P. 11(b)(1)(I). "A failure to ensure that a defendant understands his range of exposure may violate the requirement that a guilty plea be 'knowing and voluntary.' " *United States v. Forrester*, 616 F.3d 929, 938 (9th Cir. 2010) (citing *Tanner v. McDaniel*, 493 F.3d 1135, 1146 (9th Cir. 2007)).

**[4]** It is axiomatic that a statutory minimum sentence is mandatory.[7] *Wipf*, 620 F.3d at 1170 (citing *United States v. Haynes*, 216 F.3d 789, 799 (9th Cir. 2000)). Specifically, "[t]he language of § 841(b)(1)(A), which states that a defendant *shall* be sentenced to a term of at least ten years, is mandatory, not optional." *Haynes*, 216 F.3d at 799. Where "no exception to the statutory minimum applies . . . , the court lack[s] the authority to refuse to impose the ten-year mandatory minimum." *Id.* at 799-800; *see also Kimbrough v. United States*, 552 U.S. 85, 102-10 (2007) (holding that a district court has discretion to depart from guidelines in sentencing for violation of § 841(b)(1) based on disagreement with crack/powder cocaine disparity to the extent sentence does not vary below mandatory minimum).

**[5]** Pursuant to § 5G1.1(c)(2) of the Guidelines, a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c)(2). A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term. *United States v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir. 2009); *United States v. Aguilar-Ayala*, 120 F.3d 176, 178-79 (9th Cir. 1997).

**[6]** We held in 2003 that, under *Apprendi*, drug quantity must be charged and proved, or admitted, in order to authorize an increased sentence. *United States v. Toliver*, 351 F.3d 423,

---

[7]A defendant may escape the mandatory minimum term only if the safety valve of 18 U.S.C. § 3553(e) or (f) applies. The record in this matter does not indicate that Sykes qualified for safety valve relief.

430-31 (9th Cir. 2003), *abrogated on other grounds by Blakely v. Washington*, 542 U.S. 296 (2004). It was not until 2007 that we concluded that the mandatory minimum and maximum terms under 21 U.S.C. § 841(b)(1) apply only where the government has also pled and proved that the substance at issue was "crack." *Hollis*, 490 F.3d at 1154-57. *Apprendi*, however, does not apply retroactively. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 669-71 (9th Cir. 2002).[8]

**[7]** At his plea hearing, Sykes admitted to distributing at least 50 grams of a mixture or substance containing cocaine base. After stating in open court that he understood that the district court could not sentence him below the statutory minimum sentence of ten years, Sykes pled guilty. Sykes has not asserted that his plea was not knowing or voluntary for lack of awareness of the mandatory minimum.

The Government argues that his claim is foreclosed by *Paulk*, 569 F.3d 1094. In that matter, the defendant pled guilty to possession with intent to distribute cocaine base, in violation of § 841(b)(1)(A)(iii). *Id.* at 1095. Pursuant to U.S.S.G. § 2D1.1, he faced a Guidelines range of 135 to 168 months. *Id.* Because Paulk had a prior conviction, the applicable statutory minimum under § 841(b)(1)(A) was 240 months. *Id.*; *see* § 841(b)(1)(A) ("If any person commits . . . a violation [of this section] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ."). As the top of Paulk's sentencing range under the Guidelines was lower than the applicable statutory minimum, he was sentenced to the statu-

---

[8]As previously noted, while this appeal was pending *Hollis* was abrogated by *DePierre*, 131 S. Ct. 2225. Sykes has not argued that the government was required to plead and prove that he distributed a substance containing the molecule $C_{17}H_{21}NO_4$ under *DePierre*, *id.* at 2231, and, in any case, this was not the issue addressed by the district court.

tory minimum of 240 months. *Id.* Paulk moved for a reduction in his sentence pursuant to § 3582(c)(2). He asserted that he was entitled to a sentence reduction under Amendment 706. In rejecting this claim, we held that he was "not entitled to a reduction" in his sentence "because his sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), but rather was based on the mandatory statutory minimum under 21 U.S.C. § 841." *Id.* at 95.

**[8]** As in *Paulk*, the mandatory nature of the Guidelines at the time of Sykes' original sentencing denied the district court the discretion to sentence him to a term below 121 months. The minimum mandatory statutory sentence at that time was 120 months. Thus, the district court in the 2004 sentencing proceeding was bound by the 120-month mandatory statutory minimum as well as the mandatory 121-month Guidelines minimum sentence. The district court's failure to state during the sentencing proceedings that Sykes was subject to a mandatory minimum sentence of 120 months did not violate the mandatory statutory minimum term provisions of § 841(b)(1)(A). The 120-month mandatory statutory minimum term did not cease to apply upon his request for a sentence modification under § 3582(c)(2) in 2010 because, under *Dillon*, the district court could not resentence Sykes. Pursuant to § 3582(c)(2), the district court was only authorized to reduce Sykes' sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Therefore, it could not in that proceeding deviate from the previously applicable mandatory statutory minimum sentence.

**[9]** The 120-month mandatory minimum applied by the district court at the § 3582(c)(2) proceeding was therefore not a "new" sentence. Because the amended Sentencing Guidelines range under U.S.S.G. § 2D1.1 encompassed the mandatory statutory minimum, the district court had the discretion to modify the sentence to 120 months.

**[10]** We are persuaded that a defendant who, prior to *Booker*, received a sentence above the mandatory statutory minimum term cannot logically argue the sentence imposed by the court was not subject to the mandatory statutory minimum term. Accordingly, in seeking a § 3582(c)(2) modification of his sentence pursuant to an amendment to the Sentencing Guidelines, a defendant is subject to that mandatory minimum. *See, e.g.*, *Paulk*, 569 F.3d at 1095 (where defendant was originally sentenced to the mandatory minimum term, we affirmed the denial of a sentence reduction because the amended Guidelines range was lower than the mandatory minimum). Sykes' Guidelines range at his original sentencing, by contrast, exceeded the applicable mandatory minimum. The result Sykes urges—that, because his original sentence exceeded the mandatory statutory minimum term, the application of the statutory minimum in his § 3582(c)(2) proceeding constitutes a resentencing—"would mean that the criminal whose conduct was worse would get the better result." *See United States v. Stockdale*, 129 F.3d 1066, 1069 (9th Cir. 1997) (declining to "impute a purpose to Congress to allow escape from the statutory minimum only to the criminal who grew five times as much marijuana, not the smaller-scale grower.").

**[11]** Because the mandatory statutory minimum sentence of 120 months applied to Sykes in his § 3582(c)(2) sentence modification proceeding, the district court in that proceeding lacked the discretion to reduce Sykes's sentence below 120 months. The district court did not err in refusing to further reduce Sykes' sentence pursuant to Amendment 706.[9]

---

[9]Sykes contended before the district court that it was bound by *Apprendi* with respect to the imposition of the mandatory statutory minimum sentence because that statutory minimum term had never previously been imposed. *Apprendi*, however, does not apply retroactively. *Sanchez-Cervantes*, 282 F.3d at 669-71. Because we have concluded that Sykes did not receive a new sentence, *Apprendi* is inapplicable.

## III

Sykes asserts that the application of the mandatory mini-
mum term under the pre-Fair Sentencing Act ("FSA") scheme
violated his right to due process. Whether a federal statute
applies retroactively to a sentence imposed prior to the stat-
ute's enactment is a question of law reviewed de novo.
*Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1129 n.10 (9th
Cir. 2007).

**[12]** The district court modified Sykes' sentence on August
5, 2010, two days after the passage of the FSA. The FSA
increased the quantity of crack necessary to trigger the appli-
cable mandatory minima under § 841(b)(1)(A)(iii) from 50
grams to 280 grams. *See* FSA § 2(a)(1). The FSA does not
apply to defendants sentenced prior to its effective date of
August 3, 2010. *United States v. Baptist*, 646 F.3d 1225, 1229
(9th Cir. 2011) (per curiam).

**[13]** As discussed above, the district court's application of
the mandatory minimum term under the pre-FSA version of
§ 841(b)(1)(A)(iii) to Sykes did not constitute a resentencing.
Sykes was "sentenced" only once: on August 23, 2004.
Because the FSA is not retroactive to sentences imposed prior
to August 3, 2010, Sykes was not denied due process by the
district court's failure to apply the FSA in the § 3582(c)(2)
proceedings.

## IV

Before this court, Sykes argues for this first time that, as he
received a new sentence in 2010, six years after his original
sentencing, "the long delay in imposing [the new sentence]
violated his speedy-trial and due-process rights." Opening Br.
19. Sixth Amendment challenges raised for the first time on
appeal are reviewed for plain error. *United States v. Ameline*,
409 F.3d 1073, 1078 (9th Cir. 2005). "Plain error is '(1) error,

(2) that is plain, and (3) that affects substantial rights.' " *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

**[14]** The sentence Sykes received at the § 3582(c)(2) proceeding was not a new sentence. It was a modification of the sentence imposed on August 23, 2004. His Sixth Amendment rights, accordingly, have not been infringed on this ground. As Sykes has not been subjected to a violation of the Sixth Amendment due to delayed sentencing, he has not demonstrated error, much less plain error.

## V

Sykes additionally argues that his right to be free from double jeopardy has been violated because his new sentence constitutes an implicit conviction for dealing crack, of which his previous conviction for dealing cocaine base would be a lesser-included offense. We review a double jeopardy claim that was not raised before the district court for plain error. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). "When a defendant has violated two different criminal statutes, the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Davenport*, 519 F.3d at 943.

**[15]** The district court modified Sykes' previous sentence on August 5, 2010. It did not impose a new sentence in ordering in the § 3582(c)(2) proceeding that he serve the mandatory statutory minimum sentence. Because Sykes was sentenced only once, the district court's application of the mandatory minimum at the § 3582(c)(2) proceeding did not constitute an "implicit conviction." Accordingly, the Double Jeopardy Clause of the Fifth Amendment is not implicated.

## Conclusion

We have long held that the mandatory statutory minimum sentence of 120 months set forth in 21 U.S.C. § 841(b)(1)(A)

"is mandatory, not optional." *Haynes*, 216 F.3d at 799. Although the court at Sykes' August 23, 2004, sentencing was required pursuant to § 3553(b)(1) prior to *Booker* to impose a term within the Sentencing Guidelines range, it lacked the authority to depart below the mandatory statutory minimum sentence.

It is quite clear from the plea entered by Sykes to Count IV of the indictment that the mandatory provisions of 21 U.S.C. § 841(b)(1)(A) are applicable in this matter. Because, under *Dillon*, Sykes was entitled only to a modification of his sentence in the § 3582(c)(2) proceeding, the district court lacked the power to resentence him without regard to the mandatory statutory minimum.

**AFFIRMED**.