**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff - Appellant,<br><br>   v.<br><br>STEPHEN JAY BRINES,<br><br>          Defendant - Appellee. | No. 11-50240<br><br>D.C. No. 2:10-cr-01094-R-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted July 13, 2012[**]
Pasadena, California

Before: GILMAN[***], TALLMAN, and N.R. SMITH, Circuit Judges.

Stephen Jay Brines pleaded guilty to the charge of knowingly receiving child

pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Although the mandatory

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]      The Honorable Ronald Lee Gilman, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

minimum penalty for this crime is five years of imprisonment pursuant to 18 U.S.C. § 2252A(b)(1), the district court sentenced Brines to just two years of imprisonment, to be followed by 10 years of supervised release.

The government has appealed the sentence imposed by the district court, contending that the sentence is unlawful under 18 U.S.C. § 2252A(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate Brines's sentence.

Section 2252A(b)(1) provides, inter alia, that a person who violates § 2252A(a)(2)(A) "shall be . . . imprisoned not less than 5 years . . . ." This minimum sentence "is mandatory, not optional." *See United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) (internal quotation marks omitted). Because no exception to the statutory minimum sentence applies in this case, the district court had no authority to sentence Brines to less than five years of imprisonment.

Brines also argues that, if this court remands, the district court should be required to impose a sentence not greater than the minimum five-year prison term. However, we have held that "as a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record -- that is, without limitation on the evidence that the district court may consider." *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc). We therefore **VACATE** Brines's sentence and

**REMAND** the case for a full resentencing without the constraints from any prior sentencing, consistent with this Memorandum.

**VACATED** and **REMANDED**.