**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

JOSE ENRIQUE HERNANDEZ,

  Defendant - Appellant.

No. 12-50463

D.C. No. 3:12-cr-00250-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 6, 2013
Pasadena, California

Before: WARDLAW and RAWLINSON, Circuit Judges, and GLEASON, District Judge.[**]

Jose Enrique Hernandez (Hernandez) appeals his conviction and sentence for importation of cocaine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

**1.** Hernandez argues that due process required the Government to conduct tests to determine the percentage of pure cocaine included in the seized cocaine mixture. We disagree. "[T]he government need only show that the defendant knew that he imported . . . *some* controlled substance." *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir. 2002) (citation omitted) (emphasis in the original). Because "a finding of drug quantity is not necessary to convict [the defendant] of violating . . . [section] 960(a)," *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002), the Government's failure to collect such information cannot give rise to a due process violation.

**2.** We also reject Hernandez's arguments based on destruction of evidence. In order for destruction of evidence to rise to the level of a constitutional violation, Hernandez must show that the Government acted in bad faith and that any "missing evidence is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. . . ." *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (citations and internal quotation marks omitted). The failure to preserve material that if collected "could have been subjected to tests, the results of which might have exonerated the defendant," does not, without more, constitute bad faith. *Tennison v. City & Cnty of S.F.*, 570 F.3d 1078, 1087 (9th Cir. 2009), *as amended* (citations omitted).

2

**3.** Hernandez's claim under *Brady v. Maryland*, 373 U.S. 83 (1963) fails. The Government did not improperly withhold the seized substance because Hernandez had the opportunity to test it before trial. *See United States v. Bond*, 552 F.3d 1092, 1096 n.4 (9th Cir. 2009) (holding that exculpatory evidence was disclosed where the Government provided "the means of obtaining" it). Even if the Government suppressed the laboratory chemist's report by belatedly disclosing it, Hernandez has not shown that the report was favorable to the defense or that any failure to disclose it was prejudicial. *See Benn v. Lambert*, 283 F.3d 1040, 1052-53 (9th Cir. 2002).

**4.** The district court did not abuse its discretion in admitting evidence of Hernandez's 1996 and 2000 drug importation attempts or felony conviction. Prior bad acts evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . . " Fed. R. Evid. 404(b)(2). Though this prior conduct was relatively old, there is no bright-line rule to determine when past conduct is too remote, and the evidence remained probative of Hernandez's knowledge despite the passage of time. *See United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). Rule 609(a) provides that evidence of a felony conviction may be admitted in a criminal case to attack the defendant-witness's credibility, if the probative value of the evidence outweighs its prejudice. *See* Fed. R. Evid. 609(a)(1)(B). Despite the similarity between the crime of conviction and the

3

charged crime, the district court weighed all of the appropriate factors and acted within its discretion in admitting the evidence. *See Untied States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

**5.** The district court properly instructed the jury that Hernandez's prior conviction was to be considered only for the purpose of assessing Hernandez's credibility. The court did not imply that the mere existence of a conviction deprived Hernandez of credibility, or instruct the jury that it could use a prior felony conviction as evidence of guilt. Therefore, no abuse of discretion occurred. *See United States v. Portac, Inc.*, 869 F.2d 1288, 1297 (9th Cir. 1989).

We also reject Hernandez's assertion that the district court's instruction governing the determination of the amount of controlled substance effectively dispensed with the marketability/usability analysis articulated in *United States v. Robins*, 967 F.2d 1387 (9th Cir. 1992). In *Robins*, we held that the cornmeal component of a cocaine mixture comprised of cocaine and cornmeal should not be considered in determining the weight of the cocaine mixture, because the cornmeal "had to be separated from the cocaine before the cocaine could be effectively used[;] [t]he cornmeal was thus the functional equivalent of packaging material, which . . . was not to be included in the weight calculation. . . ." *Id.* at 1389 (citations omitted).

4

Here, as in *Robins*, the district court instructed the jury not to include the weight of packaging material.

**6**. Section 960(b)(1)(B) provides that a defendant who has been convicted of importing 5 kg or more of a mixture or substance containing a detectable amount, "shall be sentenced to a term of imprisonment of not less than 20 years," if he has been previously convicted "for a felony drug offense . . ." § 960(b)(1)(B). The jury found that Hernandez imported 5 kg of cocaine and the Government established that Hernandez had been previously convicted of a felony drug offense. Based on the jury's finding and the evidence of Hernandez's prior conviction, the district court properly determined that section 960 required the court to impose a statutory minimum sentence of 240 months. Because no exception to the statutory minimum applied, *see* U.S.S.G. § 5G1.1(c)(2), "the court lack[ed] the authority to refuse to impose the . . . mandatory minimum." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) (citations omitted).

**AFFIRMED.**