**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10392 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00381-JMS |
| v. | |
| TRAVIS WAIPA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Travis Waipa appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see United States v.*

*Sykes*, 658 F.3d 1140, 1144 (9th Cir. 2011), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Waipa contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. In the alternative, he argues that, even if Amendment 782 does not authorize a reduction in his sentence, the district court should have resentenced him to 108 months, the bottom of his Guidelines range. These claims fail. Waipa's 120-month sentence reflects the mandatory minimum for his offense. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The mandatory minimum applies in section 3582(c)(2) proceedings. *See Sykes*, 658 F.3d at 1147-48. Thus, the district court correctly concluded that it had no authority to reduce Waipa's sentence below 120 months. *See id.* at 1148.

**AFFIRMED.**