FILED

AUG 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30319 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-00084-CCL |
| v. | |
| JOHN MEADE OGBURN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

John Meade Ogburn appeals from the district court's order granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court reduced Ogburn's sentence from 260 months to 240 months based on Amendment 782 to the Sentencing Guidelines. Ogburn claims that the district court erred by failing to reduce his sentence further. Specifically, he argues that the 240-month mandatory minimum under 21 U.S.C. § 841(b)(1)(A) is no longer applicable because his prior state felony drug conviction has been reclassified as a misdemeanor under California's Proposition 47. This claim does not support a further reduction under section 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 826, 831 (aspects of appellant's sentence not affected by Commission's amendment to the Guidelines are "outside the scope" of the proceeding authorized by section 3582(c)(2)). The district court therefore did not err by imposing the mandatory minimum sentence. *See United States v. Sykes*, 658 F.3d 1140, 1148 (9th Cir. 2011).

**AFFIRMED.**