NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10569 |
| Plaintiff-Appellee, | D.C. No. 1:04-CR-05327-AWI |
| v. | |
| ESTANISLAO PULIDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Estanislao Pulido appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pulido contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). Pulido's 120-month sentence reflects the mandatory minimum for his offense. *See* 21 U.S.C. § 841(b)(1)(A). The mandatory minimum applies in section 3582(c)(2) proceedings. *See United States v. Sykes*, 658 F.3d 1140, 1147-48 (9th Cir. 2011). Therefore, the district court correctly concluded that it had no authority to reduce Pulido's sentence below 120 months. *See id.* at 1148.

Pulido's claim that the government breached the plea agreement is not cognizable in this proceeding. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (section 3582(c)(2) does not permit a "plenary resentencing proceeding").

**AFFIRMED.**