**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

POLOTANI LATU, a.k.a. P, a.k.a. Paul,

Defendant-Appellant.

No.  16-10032

D.C. No. 1:02-cr-00174-HG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Polotani Latu appeals pro se from the district court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Latu contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Sykes*, 658 F.3d 1140, 1144 (9th Cir. 2011). Latu's 240-month sentence reflects the mandatory minimum for his offense. *See* 21 U.S.C. § 848(a). The mandatory minimum applies in section 3582(c)(2) proceedings. *See Sykes*, 658 F.3d at 1147-48. Thus, the district court correctly concluded that it had no authority to reduce Latu's sentence below 240 months. *See id*. at 1148.

To the extent Latu contends that he would not be charged with a crime carrying a mandatory minimum sentence under current Department of Justice discretionary policy, his claim is not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

**AFFIRMED.**