Emily A. Mac Master, Office of Attorney General, Boise, ID, for Defendants-Appellees DeWayne Shedd, Brent Reinke

Mark Kubinski, Esquire, Deputy Assistant Attorney General, Office of the Idaho Attoney General, Boise, ID, Emily A. Mac Master, Office of Attorney General, Boise, ID, Mary Karin Magnelli, AGID—Idaho Office of the Attorney General, Boise, ID, for Defendants-Appellees Jeff Kirkman, Randy Higgins, Andrea Blades

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Stephen A. Cherry appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Cherry's access-to-courts claim against defendant Higgins because Cherry failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendant Higgins's misplacement of his legal materials. *See Lewis v. Casey*, 518 U.S. 343, 348-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access-to-courts claim requires the plaintiff to show that the defendants' conduct caused actual injury to a non-frivolous legal claim); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011) (discussing access-to-courts claims arising from "active interference"), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

**AFFIRMED.**

UNITED STATES of America,
Plaintiff-Appellant,

v.

Steven LAVINSKY, AKA amhari99,
AKA amhari99@yahoo.com, AKA
Chabon, Defendant-Appellee.

No. 16-50428

United States Court of Appeals,
Ninth Circuit.

---

Submitted February 16, 2018 *
Pasadena, California

Filed February 22, 2018

L. Ashley Aull, Aron Ketchel, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff-Appellant

Caleb Edward Mason, Attorney, Brown, White & Osborn LLP, Los Angeles, CA, for Defendant-Appellee

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,** District Judge.

MEMORANDUM ***

The government appeals Steven Lavinsky's 48–month sentence of imprisonment, which is below the 60–month minimum mandated by statute. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate Lavinsky's sentence and remand to the district court for resentencing.

Lavinsky's statute of conviction provides that "[w]hoever violates" that provision "*shall* be ... imprisoned *not less than* 5 years and not more than 20 years." 18 U.S.C. § 2252A(b)(1) (emphases added). "It is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011). That is, "[w]here 'no exception to the statutory minimum applies ..., the court lack[s] the authority to refuse to impose'"

the mandatory minimum. *Id.* (quoting *United States v. Haynes*, 216 F.3d 789, 799–800 (9th Cir. 2000)). No exception applies here, but the district court sentenced Lavinsky to a below-minimum term of imprisonment nevertheless, explaining only that the circumstances of lifetime supervision made that sentence sufficient. That was error.

Lavinsky's sole contention on appeal is that statutory mandatory minimum sentences are unconstitutional under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), but our precedent forecloses that argument. *See United States v. Ching Tang Lo*, 447 F.3d 1212, 1234 n.15 (9th Cir. 2006) ("There is nothing in *Booker* to suggest that statutorily mandated minimum sentences are merely advisory if the sentence is based on facts found by a jury by a preponderance of the evidence.").

We therefore vacate and remand for resentencing. On remand, the district court shall sentence Lavinsky within the range mandated by 18 U.S.C. § 2252A(b)(1).[1]

**Sentence VACATED and REMANDED for resentencing.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. We decline Lavinsky's invitation to strike the government's opening brief and to dismiss the appeal for failure to prosecute. *See* 9th Cir. R. 31-2.3.