
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50396 |
| Plaintiff-Appellant, | D.C. No. 2:15-cr-00620-ODW-1 |
| v. | |
| DARREN EUGENE ELLIS, AKA C-Note, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted July 10, 2018[**]
Pasadena, California

Before:  BERZON and N.R. SMITH, Circuit Judges, and CASTEL,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

The government appeals the district court's imposition of a one-year and one-day sentence for defendant Darren Ellis's conviction for distributing at least five grams of methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). The government maintains that Ellis was subject to a five-year mandatory minimum, despite the significant and moving mitigating evidence Ellis presented at sentencing.[1] We agree.

**1.** Federal drug laws require that, for those convicted of distributing "5 grams or more of methamphetamine," "such person shall be sentenced to a term of imprisonment which may not be less than 5 years." 21 U.S.C. § 841(b)(1)(B)(viii). Because Ellis admitted to distributing approximately 24.6 grams of methamphetamine, the district court was required to sentence him to at least five years' imprisonment under § 841(b)(1)(B)(viii) unless an exception applied.[2] *See United States v. Skyes*, 658 F.3d 1140, 1146 (9th Cir. 2011) (internal quotation marks and alterations omitted). Ellis does not claim that any exception applied.

---

[1] We do not summarize that mitigating evidence here, as it was submitted under seal. Suffice it to say that we understand why Judge Wright found the evidence compelling.

[2] "The statutory minimum sentence must be imposed unless the defendant is a first-time offender who qualifies for the 'safety valve' under guideline section 5C1.2, or the government moves for a downward departure based on the defendant's 'substantial assistance.'" *United States v. Haynes*, 216 F.3d 789, 799 (9th Cir. 2000), *amended on denial of reh'g* (Aug. 15, 2000).

Instead, he argues that the district court could refuse to impose the mandatory minimum sentence because such a sentence would violation the Eighth Amendment and because he was the victim of sentencing entrapment. We disagree.

**2.** Imposition of a five-year sentence here would not violate the Eighth Amendment. "The Supreme Court has upheld far tougher sentences for less serious or, at the very least, comparable offenses." *United States v. Hammond*, 742 F.3d 880, 884 (9th Cir. 2014) (approving of a five-year mandatory minimum sentence for arson). Although the five-year mandatory minimum sentence is certainly a serious term of imprisonment, it is not so unusual or disproportionate to Ellis' crime of distributing just under an ounce of methamphetamine—a not-tiny amount of a serious, harmful drug—to warrant an "exceedingly rare" court intervention under the Eighth Amendment. *Ewing v. California*, 538 U.S. 11, 22 (2003) (internal quotation marks omitted).

**3.** Ellis waived any right to raise a sentencing entrapment defense. Because Ellis not only gave up affirmative defenses in his plea agreement, but also "fully admitted to the drug quantities on which his sentence was based," Ellis's "guilty plea forecloses him from raising this claim." *United States v. Briggs*, 623 F.3d 724, 730 (9th Cir. 2010).

**4.** During sentencing, Judge Wright explained:

I know it's very easy for the system to do what the system has always done, which is simply lock [Ellis] up and warehouse him. I'm not certain that that is going to change anything. He's already experienced that, and here we are.

I think it's time to fix what is broken, and I think we have the power to fix it.

So my tentative [ruling] is to impose a fairly short custodial sentence, bordering on time served and with immediate referral for him to enter the Star program[3] where he can get the mental health treatment that he needs, where we can take care of his addiction so that he is clean and sober and will be able to take advantage of some of these other services that are afforded the members of . . . the Star team. . . .

And I apologize to the government, whose advice I value and generally go along with because the government's recommendations are generally tempered by reason, by a desire to seek justice, and I'm often guided by the government's recommendations.

But here, my conscience, and certainly all of our desire to make sure justice is done, tells me a long period of incarceration is not what is called for here. It is not reasonable.

Whether or not we would agree, Congress does not. It requires a mandatory

minimum sentence far, far higher than the sentence Judge Wright found reasonable

---

[3] The Substance Abuse Treatment and Reentry Program ("STAR") "is a post-conviction reentry program for high risk substance abuse offenders which provides integrated drug and alcohol treatment services with justice system case processing." United States District Court: Central District of California, *Substance Abuse Treatment and Reentry Program (STAR)* (last visited August 2, 2018), https://www.cacd.uscourts.gov/judges-requirements/court-programs/substance-abuse-treatment-and-reentry-program-star.

and appropriate. So we have no choice but to vacate Ellis's sentence and remand for resentencing consistent with the applicable five-year minimum sentence.

**REVERSED, VACATED,** and **REMANDED.**