NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellant, v. ERNIE HERNANDEZ, Defendant-Appellee. | No. 17-50098 D.C. No. 5:16-cr-00101-R MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

The government appeals Ernie Hernandez's 72-month sentence, which was imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute and to distribute methamphetamine after being convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 846. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We vacate and remand for resentencing.

The government argues, and Hernandez concedes, that the district court erred in sentencing Hernandez to a prison term below the 20-year mandatory-minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (providing that a defendant who violates section 841(a) "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years"). We agree. This statutory minimum is mandatory, *see United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011), and Hernandez is not eligible for any of the exceptions to the mandatory minimum, *see* 18 U.S.C. § 3553(e), (f). Accordingly, on remand, the district court must impose a sentence of at least 240 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii); *Sykes*, 658 F.3d at 1146.

**VACATED and REMANDED for resentencing.**