NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3270 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00244-DJC-1 |
| v. | |
| GABRIEL JOSEPH DETRANT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted August 11, 2025**
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

Gabriel Joseph Detrant (Detrant) appeals from his conviction for possession

of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), and the application of

a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) to his offense level.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

**1.** Detrant first argues that pursuant to *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), § 922(g)(1) is unconstitutional as applied to him, a non-violent felon. This argument is foreclosed by our recent en banc decision in *United States v. Duarte*, 137 F.4th 743, 762 (9th Cir. 2025) (en banc).

**2.** Detrant next challenges the four-level enhancement applied to his sentence under U.S.S.G. § 2K2.1(b)(6)(B). Detrant contends that because there were two passengers in the vehicle at the time of the stop, the government failed to adequately establish that Detrant possessed the drugs or the drug paraphernalia that was present in the vehicle he was driving.

To prove constructive possession of contraband, the government must establish "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the" contraband. *United States v. Vasquez*, 654 F.3d 880, 885 (9th Cir. 2011) (citation omitted).

The record reflects that drugs and drug paraphernalia (sandwich bags, cash, and syringes) were located "on the floorboard of the driver's seat," and additional drug paraphernalia (a digital scale and cash) was found in the driver's side door next to a wallet "containing a card with Detrant's name on it," while Detrant's gun

was found in the front seat. The discovery of Detrant's gun in close proximity to Detrant, the drugs, and the drug paraphernalia, together with the absence of evidence that the contraband belonged to any other person in the vehicle, sufficiently established Detrant's constructive possession of the contraband. *See United States v. Lopez,* 477 F.3d 1110, 1114 (9th Cir. 2007).

Detrant also argues that the district court erred by applying the four-level enhancement under U.S.S.G. § 2K2.1 (b)(6)(B) without identifying the "specifically contemplated felony." During sentencing, the district court acknowledged that under note 14(B), the enhancement as required by § 2K2.1(b)(6)(B) "necessarily applies" to "a drug trafficking offense in which a firearm is found in close proximity to drugs . . . or drug paraphernalia." *United States v. Parlor*, 2 F.4th 807, 814 (9th Cir. 2021), *see also* U.S.S.G. § 2K2.1 cmt. n.14(B).

During sentencing, the district court cited to *United States v. Budde*, 168 F.3d 502 at *2 (9th Cir. Jan. 29, 1999) (unpublished), for the proposition "that ready access to a firearm allows a drug dealer to protect his cash and to threaten others for payment or the procurement of drugs." The record reflects that the parties and the court considered the other felony for purposes of § 2k2.1(b)(6)(B) to be a drug trafficking offense. Thus, the district court identified a drug trafficking offense, and properly applied note 14(B). *See Parlor,* 2 F.4th at 815

(confirming the existence of a drug trafficking offense when drugs were found

"near a gun . . . , plastic baggies, . . . cash . . . and not far from two digital scales").[1]

**AFFIRMED.**

---

[1] Detrant also argues that there was insufficient evidence to establish that his possession of the firearm was in connection with a drug possession felony. Because the district court adequately identified a drug trafficking offense, it did not address whether Detrant committed a drug possession offense. Neither do we. *See United States v. Sykes*, 658 F.3d 1140, 1149 n.8 (9th Cir. 2011).