**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

K AND N ENGINEERING, INC., a
California corporation,
   *Plaintiff-Appellee,*

  v.

SARAH BULAT, individually, d/b/a
Incline Design, a/k/a Incdesign;
STEVEN DALE WANDEL,
individually, a/k/a Incdesign, d/b/a
Incline Design,
   *Defendants-Appellants.*

No. 06-55393

D.C. No.
CV-04-09707-AHM

OPINION

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted
September 24, 2007—Pasadena, California

Filed December 18, 2007

Before: Thomas G. Nelson, Sandra S. Ikuta, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Ikuta

**COUNSEL**

Ryan M. Fountain, Mishawaka, Indiana, for the defendants-appellants.

Sam M. Muriella, Attlesey, Thomlinson & Clark, LLP, Tustin, California, for the plaintiff-appellee.

---

**OPINION**

IKUTA, Circuit Judge:

In this case we are asked to decide whether an award of statutory damages for trademark counterfeiting under 15 U.S.C. § 1117(c) precludes an award of attorney's fees under 15 U.S.C. § 1117(b).[1]

**I**

For several decades, appellee K&N Engineering, Inc. ("K&N") has been engaged in the design, manufacture, and distribution of aftermarket automotive air filters, air intake kits, and related products. K&N's stylized logo, the basis for two of K&N's registered trademarks, appears on decals included with many of K&N's products. K&N has separately distributed decals bearing its logo to enthusiasts through an internet promotion.

On or about October 14, 2004, K&N became aware that appellants Sarah Bulat and Steve Wandel were selling unauthorized decals bearing the K&N logo on eBay. Appellants created vinyl decals in the shape of the K&N logo and sold 89 sets of these decals (two decals per set) for a total of $267.

---

[1]In a separate memorandum disposition issued today, we affirm the district court's summary judgment and award of statutory damages in favor of K&N.

After contacting appellants, K&N filed a complaint in the Central District of California alleging trademark infringement under 15 U.S.C §§ 1114(1) and 1125(a); trademark counterfeiting under 15 U.S.C. § 1114(1)(a); trademark dilution under 15 U.S.C. § 1125(c); and related state law statutory and common law causes of action. K&N also elected to seek statutory damages under 15 U.S.C. § 1117(c). The district court granted K&N's summary judgment motion on all claims and entered judgment in favor of K&N. Pursuant to 15 U.S.C. § 1117(c)(1) and (b) respectively, the district court awarded K&N statutory damages of $20,000 and attorney's fees of $100,000. Appellants timely appealed both the summary judgment and the attorney's fees award.

## II

On appeal of the attorney's fees, appellants argue that K&N's election to receive statutory damages under 15 U.S.C. § 1117(c) precludes an award of attorney's fees under § 1117(b).[2] We review the district court's award of attorney's fees under 15 U.S.C. § 1117(b) for an abuse of discretion, *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999), and review the district court's legal analysis and statutory interpretation de novo. *Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1086 (9th. Cir. 2003). "A district court abuses its discretion if its ruling on a fee motion is based on an inaccurate view of the law . . . ." *Id.* at 1085-86 (internal quotation marks omitted).

## III

"Statutory interpretation begins with the plain language of the statute. If the text of the statute is clear, this court looks

---

[2]Appellants did not raise this argument to the district court. We exercise our discretion to review this issue because it involves a purely legal question of statutory interpretation, and the pertinent record has been fully developed. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985).

no further in determining the statute's meaning." *United States v. Mendoza*, 244 F.3d 1037, 1042 (9th Cir. 2001) (internal citations omitted); *see also United States v. Ventre*, 338 F.3d 1047, 1052 (9th Cir. 2003).

Reading § 1117 as a whole, the statute lays out an integrated scheme for plaintiffs in trademark infringement actions to recover damages and attorney's fees. Under § 1117(a), a plaintiff seeking actual damages for trademark infringement is entitled to reasonable attorney's fees only in "exceptional cases."[3] "A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005).

When counterfeit marks are involved, however, § 1117(b) is also applicable.[4] Under this subsection, a plaintiff seeking actual damages under § 1117(a) is entitled to three times the actual damages plus reasonable attorney's fees in every case, except when there are "extenuating circumstances." § 1117(b).

---

[3]15 U.S.C. § 1117(a) states, in pertinent part:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. . . . The court in exceptional cases may award reasonable attorney fees to the prevailing party.

[4]15 U.S.C. § 1117(b) states, in pertinent part:

In assessing damages under [§ 1117(a)], the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater, together with a reasonable attorney's fee, in the case of any [trademark infringement, or unauthorized use of marks relating to the Olympics] that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale, or distribution of goods or services.

**[1]** Finally, a plaintiff may eschew actual damages under § 1117(a) and elect to seek statutory damages under § 1117(c). Section 1117(c) provides:

In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

(1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

Section 1117(c) makes no provision for attorney's fees; nor does § 1117(b) authorize such fees for a plaintiff seeking statutory damages under § 1117(c). Section 1117(b)'s attorney's fees provision applies only in cases with actual damages under § 1117(a).[5]

**[2]** In this case, K&N elected to recover statutory damages

---

[5]Because the fee award in this case was made pursuant to § 1117(b), we do not reach the issue whether an election to receive statutory damages under § 1117(c) precludes an award of attorney's fees for exceptional cases under the final sentence of § 1117(a).

under § 1117(c). Because of K&N's election, the court did not assess or award K&N actual damages or profits under § 1117(a). Therefore, there is no statutory basis to award K&N attorney's fees under § 1117(b).

Notwithstanding the import of the statutory language, K&N argues that *Intel Corp. v. Terabyte International, Inc.*, 6 F.3d 614 (9th Cir. 1993), permits a plaintiff who has elected to obtain statutory damages under § 1117(c) to obtain attorney's fees under § 1117(b). This argument is clearly wrong. *Intel* considered the availability of the attorney's fees allowed for "exceptional cases" under § 1117(a), where the plaintiff was awarded actual damages under § 1117(a). *Intel*, 6 F.3d at 620. Section 1117(c) was not enacted until 1996, three years after *Intel* was decided. *See* Anticounterfeiting Consumer Protection Act of 1996, Pub. L. No. 104-153, 110 Stat. 1386.

## IV

[3] Because an election to receive statutory damages under § 1117(c) precludes an award of attorney's fees under § 1117(b), we hold that the district court abused its discretion in awarding K&N $100,000 in attorney's fees. Because we reach this conclusion, we need not address appellants' remaining arguments that the fee award was improper.

**REVERSED.**