FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA
           *Plaintiff-Appellee,*

                v.

LINDA ANN CHANEY,
           *Defendant-Appellant.*

No. 08-10298

D.C. No.
2:05-cr-00034-LKK-
DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted June 8, 2009
Submission Vacated June 10, 2009
Resubmitted August 5, 2009
San Francisco, California

Filed September 15, 2009

Before: Procter Hug, Jr., Betty B. Fletcher and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Hawkins

**COUNSEL**

David M. Porter, Assistant Federal Public Defender, Sacramento, California, for the defendant-appellant.

Philip A. Ferrari, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

**OPINION**

HAWKINS, Circuit Judge:

Linda Ann Chaney ("Chaney") appeals the denial of her 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. Chaney was caught in a sting operation distributing large amounts of cocaine base ("crack") and charged with seven related counts. She agreed to cooperate with federal authorities and signed a plea agreement in exchange for a lower sentence. Some time after Chaney was sentenced to 103 months pursuant to the plea agreement, the Sentencing Commission passed Amendment 706 to the Sentencing Guidelines (the "Guidelines"), retroactively reducing by two points the Guidelines range for crack offenses.

Chaney—who had initially been eligible for a Guidelines range of 235 to 293 months and subject to a mandatory minimum sentence of 20 years to life—sought a reduction of her 103-month sentence by retroactive application of Amendment 706. The district court exercised its discretion and denied the motion. Chaney timely appealed. Concluding that the district court did not abuse its discretion, we affirm.

## I.  BACKGROUND

### A.    Original Sentencing

After getting caught in a federal sting operation distributing large amounts of crack cocaine, Chaney agreed to cooperate with federal authorities and signed a plea agreement according to which she would provide truthful testimony concerning subordinates in her drug distribution ring.[1]

In exchange for these agreements and concessions, the government dismissed all but two charges, declined to allege any prior offenses at sentencing, and agreed to recommend a sentence reduction of "up to 50%" from the minimum applicable Guidelines sentence. The parties stipulated to a base offense level of 31, a criminal history category of IV, and a minimum Guidelines sentence of 151 months. The government accordingly submitted a letter pursuant to U.S.S.G. § 5K1.1 to the district court recommending a reduced sentence of 108 months, or a 28% downward departure. Both Chaney and the

---

[1]According to the plea agreement, Chaney further waived her rights "to appeal any aspect of her sentence as long as her sentence is no longer than the top of the sentencing guidelines range" and "to bring a post-conviction attack on her . . . sentence." She agreed further that "[i]f . . . her sentence is ever reduced at her request, the government shall have the right (1) to prosecute the defendant on any of the counts to which [she] pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement."

The government, however, has not attempted to enforce any appeal waiver or agreement not to seek a sentence reduction in this case. Accordingly, we do not address whether Chaney waived her right to file the present § 3582(c)(2) sentence reduction motion or to appeal from its denial. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) ("'[P]lea agreements are construed under the principles of contract law' and '[a] party may waive a contract provision that is beneficial to it.' . . . '[An appeal] waiver is not binding [if] the government has waived the issue.' " (quoting *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006))).

government further agreed "not to move for, or argue in support of, any sentence other than the sentence determined by the sentencing guidelines consistent with the stipulations herein."

Notwithstanding the plea agreement, the presentence report ("PSR") deviated from the parties' stipulations because, according to the report, Chaney was eligible for a "leadership role" enhancement under U.S.S.G. § 3B1.1. In light of this upward adjustment, the PSR calculated a base offense level of 35, rather than 31, and recommended that Chaney be sentenced to a term of imprisonment of 235 months, at the bottom of the Guidelines range of 235 to 293 months.

Citing language from the plea agreement, Chaney objected to the PSR's calculation of the Guidelines range because it included a non-stipulated upward adjustment. The government responded in its 5K1 letter that "[r]egardless of the math, the government's belief is that the appropriate sentence . . . is 108 months." Noting that the government "d[oes]n't care much one way or another" whether the leadership enhancement applies, "as long as 9 years is the bottom line," the district court found that "the total offense level is 35," and "[t]he guideline range is as specified in the [PSR]" (i.e., 235 to 293 months), but sentenced Chaney to 103 months, 56% below the minimum Guidelines sentence.

## B.    Section 3582(c)(2) Hearings

The Guidelines for crack cocaine offenses were amended after Chaney's judgment became final. *See* Guidelines Manual (2007), Appendix C, Amendment 706. The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1. Amendment 706 authorizes sentence reductions pursuant to 18 U.S.C. § 3582(c)(2) for crack cocaine offenders sentenced prior to

November 1, 2007. *See United States v. Ross*, 511 F.3d 1233, 1237 n.2 (9th Cir. 2008).

Chaney filed a § 3582(c)(2) sentence reduction motion in light of Amendment 706. She argued that she had received a 56% downward departure from the 235-month Guidelines sentence, and, invoking U.S.S.G. § 1B1.10(b)(1), asserted that she should receive a "comparable" departure under the revised Guidelines sentence of 188 months (i.e., a final sentence of 83 months, reduced from 103 months). The government opposed the motion, arguing that Chaney's sentence was not "based on" the Guidelines within the meaning of § 3582(c)(2), and therefore that a reduction of sentence was not warranted.

The district court held two hearings on the motion. In the first hearing, the court noted, "I have very little recollection of this case," and adjourned the hearing to give the parties and the court an opportunity to more carefully review the record. At the second hearing, the court repeatedly stated its belief that "this was not a sentence ordained by the guidelines." For example, the court stated that Chaney had been sentenced according to "the totality of the circumstances" rather than the Guidelines; that the "case . . . really deals with a sentence which was not at all tied to the guidelines"; that although "the guidelines were the starting point, . . . they weren't an ending point at all"; and that "[t]his is a case which does not appear to me to be a case based on the guidelines."

At the government's insistence that "probably the safest way" for the district court to deny Chaney's motion would be to assume arguendo that her sentence *was* based on the Guidelines and to "decline in its discretion based on all the facts not to give the proportional 56 percent . . . reduction," the court ultimately declined in its discretion to make the commensurate departure. Chaney timely appealed.

## II. DISCUSSION

### A. Jurisdiction & Standard of Review

Our jurisdiction to review discretionary denials of § 3582(c)(2) sentence reduction motions rests on 28 U.S.C. § 1291. *United States v. Colson*, 2009 WL 2185406, at *1 (9th Cir. July 23, 2009). We review such denials for abuse of discretion. *Id.*; *see also United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir. 1998) (citing *United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996) (per curiam)). " 'A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.' " *Sprague*, 135 F.3d at 1304 (quoting *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995)). Underlying questions of law are reviewed de novo. *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam) (citing *Townsend*, 98 F.3d at 513.).

### B. Whether § 3582(c)(2) Requires a Two-step Analysis

Chaney first argues that § 3582(c)(2) required the district court, before denying her sentence reduction motion, to determine what sentence it would have imposed had Amendment 706 been in effect at her original sentencing, and that denying her motion without this determination was an abuse of discretion. The government counters that "there is no requirement in the Ninth Circuit that a district court engage in a two-step analysis" that necessitates a determination of what sentence it would have imposed, and that the district court did all that was required of it in disposing of Chaney's § 3582(c)(2) motion.

We agree. It is well settled that " '[s]tatutory interpretation begins with the plain language of the statute.' " *Coos County Bd. of County Comm'rs v. Kempthorne*, 531 F.3d 792, 803-04 (9th Cir. 2008) (quoting *K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1081 (9th Cir. 2007)). Here, no plausible reading of the

plain language of § 3582(c)(2) requires the district court to determine *at all* what sentence it would have imposed had the amendment been in effect at the original sentencing, much less to do so mandatorily prior to determining whether a reduction is appropriate.

**[1]** By its plain terms, § 3582(c)(2) requires that the district court: (1) determine whether the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)"; (2) "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable"; and (3) determine whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). There is simply no other requirement to be found in the plain text of the statute. Chaney's assertion that "there is no ambiguity" that § 3582(c)(2) requires a sequential two-step analysis is therefore without foundation.

In the absence of a persuasive textual argument, Chaney relies primarily on two out-dated cases from the Eighth and Eleventh Circuits that have been abrogated by recent changes to the Guidelines. In *United States v. Vautier*, 144 F.3d 756 (11th Cir. 1998), the Eleventh Circuit determined that "§ 3582(c)(2) and the Sentencing Guidelines together" create a "two-step analysis" that requires a district court, first, to "substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed," and, second, "in light of the conclusion reached in the first step," to "determine whether or not to reduce the defendant's original sentence." *Id.* at 760 (citing U.S.S.G. § 1B1.10(b)). In *United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997), the Eighth Circuit similarly concluded that "the Guidelines instruct the sentencing court to consider what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced" before "mak[ing] a discretionary determination of

whether to reduce the defendant's term of imprisonment." *Id.* at 608-09 (citing U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3582(c)(2)).

**[2]** In developing this two-step sequence, however, both decisions expressly relied on U.S.S.G. § 1B1.10(b) (1997), which, at the time each case was decided, expressly instructed a district court presented with a § 3582(c)(2) motion to "consider the sentence that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b) (1997). In 2008, however, the Sentencing Commission amended the Guidelines so they now require a district court to determine only "the amended guideline range that would have been applicable," rather than the "term of imprisonment it would have imposed." *Compare* U.S.S.G. § 1B1.10(b) (2007) *with* U.S.S.G. § 1B1.10(b)(1) (2008).[2] Here, there is no dispute that the district court *did* "determine the amended guideline range that would have been applicable." Accordingly, the district court did not abuse its discretion for failing to determine what sentence it would have imposed had Amendment 706 been in effect at the time of the original sentencing.

## C.  Clear Error Respecting the Leadership Enhancement

Chaney also argues that the district court abused its discretion because it was "confused" and "misunderst[ood]" whether the leadership enhancement had been applied. Because the leadership enhancement was imposed notwithstanding the plea agreement, according to Chaney, "it cannot be said that the court exercised its discretion in a fair and judicious manner" in light of its confusion.

---

[2]The 2008 amendment to § 1B1.10 took effect on March 3, 2008; the district court decided Chaney's § 3582(c)(2) motion on April 22, 2008.

**[3]** This argument is meritless. Although a district court can abuse its discretion by basing a decision on a clearly erroneous finding of fact, *Sprague*, 135 F.3d at 1304, there is no doubt here that the district court *did* find that it originally included the leadership enhancement in its original Guidelines calculation or that it *did* consider the same enhancement in its § 3582(c)(2) recalculation of the Guidelines range.

**AFFIRMED.**