**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10443 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00607-RMW-1 |
| v. | |
| AHN THAT TON, AKA Timmy, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted September 10, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

Appellant-Defendant Anh That Ton (Ton) appeals the district court's

imposition of a 48-month and one day sentence. Ton asserts that the district court

erred when it imposed an additional criminal history point pursuant to U.S.S.G.

§ 4A1.1(e) after concluding that Ton committed part of the instant offense less than

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

two years after release from imprisonment. Ton also argues that his sentence is substantively unreasonable.

U.S.S.G. § 4A1.1(e) provides for the addition of one criminal history point to the criminal history category of an offender who "committed the instant offense less than two years after release from imprisonment . . ." U.S.S.G. § 4A1.1(e). Ton argues that the district court erred when it imposed an additional criminal history point because the government stipulated that the conspiracy ended in February, 2006, prior to his release from prison. Because the parties' stipulations do not bind a district court at sentencing, *see United States v. Chaney*, 581 F.3d 1123, 1124-25, 1127 (9th Cir. 2009), Ton's argument lacks merit.

In reviewing a sentence for substantive reasonableness, we reverse only "if upon reviewing the record, we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010) (citation omitted). The district court decided that a downward departure was warranted after considering the mitigating and aggravating circumstances in Ton's case. That consideration was exactly the type the district court was required to make under 18 U.S.C. § 3553. *See* 18 U.S.C. § 3553(a). Because the sentence imposed "rested on a reasoned basis and relied upon factors

2

within [the court's] discretion," the sentence imposed was not substantively unreasonable. *Edwards*, 595 F.3d at 1018; *see also United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) (concluding that a "below-Guidelines Sentence, supported by the district court's specific reasoning, is reasonable") (citation omitted).

**AFFIRMED.**