**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30086 |
| Plaintiff - Appellee, | D.C. No. 3:04-cr-00003-JWS |
| v. | |
| JOSEF FRANZ BOEHM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

   Josef Franz Boehm appeals from the district court's order denying his 18

U.S.C. § 3582(c)(2) motion for reduction of sentence.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Boehm contends that the district court erred by denying his motion to reduce his sentence under the retroactive amendments to the Sentencing Guidelines for crack cocaine offenses. He argues that his sentence is longer than necessary in light of the 18 U.S.C. § 3553(a) sentencing factors. We review a district court's decision to deny a section 3582(c)(2) motion for abuse of discretion. *See United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009). We review de novo whether the district court had jurisdiction to modify a sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 926 (9th Cir. 2012).

The government contends that the district court lacked jurisdiction to consider Boehm's motion because his sentence was based on a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), rather than on a Guidelines range that has been lowered. Even assuming that the plea agreement was entered into under Rule 11(c)(1)(C), however, the district court had jurisdiction to consider Boehm's motion because the agreement used as the stipulated sentencing range a Guidelines range that has been lowered. *See Freeman v. United States*, 131 S. Ct. 2685, 2699-700 (2011) (Sotomayor, J., concurring).

Nevertheless, the district court did not abuse its discretion by denying Boehm's motion in light of the section 3353(a) sentencing factors, particularly the

12-30086

nature of Boehm's offense conduct and the danger he poses to the public.  *See* 18

U.S.C. §§ 3553(a), 3582(c)(2).

     **AFFIRMED.**