**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50319 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-01128-BEN-7 |
| v. | |
| ROBERT AGUILAR, AKA Gangster, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and DONATO,** District
Judge.

Defendant Robert Aguilar appeals the denial of his 18 U.S.C. § 3582(c)(2)

motion for a reduced sentence. Aguilar pleaded guilty to conspiring to distribute

methamphetamine in a multi-defendant case, and he was sentenced in August 2014

to a 108-month term of imprisonment. The Sentencing Commission subsequently

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

passed Amendment 782 to the Sentencing Guidelines, which reduced by two points the base offense level that applies to the same quantity of methamphetamine. Amendment 788 made Amendment 782 retroactive for all previously-sentenced defendants. On the basis of these Sentencing Guidelines amendments, Aguilar moved for a reduction of his sentence from the previously-imposed 108 months to 87 months, the low end of the amended Guidelines range of 87-108 months. The district court denied the motion. We have jurisdiction to review the denial under 28 U.S.C. § 1291, and we affirm.

Aguilar argues that the denial should be reversed because the district court relied on a mistaken belief that Aguilar was personally involved in a robbery against co-defendant Laura Cruz. But we conclude there was no reversible error under either abuse of discretion or plain error review. *See United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (abuse of discretion); *United States v. Tapia*, 665 F.3d 1059, 1061 (9th Cir. 2011) (plain error). To the extent that the district court may have relied on an erroneous fact—that Aguilar was the perpetrator of the robbery—Aguilar's counsel failed to object, which might have clarified the situation.

We also reject defendant's argument that the district court failed to conduct the hearing on his motion in a reasonable fashion. "A district court has broad discretion in how to adjudicate § 3582(c)(2) proceedings." *United States v.*

2

*Mercado-Moreno*, 869 F.3d 942, 955 (9th Cir. 2017). "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding," with all of its attendant rights. *Dillon v. United States*, 560 U.S. 817, 825 (2010). Aguilar challenges the district court's decision to hold one hearing on three co-defendants' sentence reduction motions, but this is of no moment because the district court clearly made an individualized determination as to Aguilar.

That the district court referred to information from other co-defendants' trials without giving Aguilar express notice that it would do so is also not unreasonable. The court referred to at least one of those trials at defendant's original sentencing hearing without counsel's objection. And these were co-defendants from this very case, with no suggestion that any of the trials were not public. The onus was not on the district court to provide express notice to the defendant that the information from those trials might be considered relevant.

Nor did the district court make a new factual finding in denying the sentence reduction motion that was inconsistent with those made at the original sentencing hearing. The court noted that "[t]he underlying offense involved a large drug distribution conspiracy involving a great deal more than 500 grams of methamphetamine of relevant conduct . . . ." This was not a new factual finding about the quantity of drugs that should be attributed to the defendant, but rather a proper exercise of the court's discretion in considering "the nature and

3

circumstances of the offense" and the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," as the court was directed to do under 18 U.S.C. § 3582(c)(2), 18 U.S.C. § 3553(a), and U.S.S.G. § 1B1.10 (Commentary, Application Note 1(B)(ii)).

**AFFIRMED.**