NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10393 |
| Plaintiff-Appellee, | D.C. No. 2:96-cr-00475-GEB |
| v. | |
| ALLEN RAY JORDAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 10, 2018[**]

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Allen Ray Jordan appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291. We review discretionary denials of sentence reduction motions

for abuse of discretion, *see United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2009), and we affirm.

Jordan argues that the district court erred by failing to consider adequately his amended Guidelines range and the 18 U.S.C. § 3553(a) sentencing factors, and by insufficiently explaining its decision. We disagree. The district court acknowledged the reduced Guidelines range and Jordan's eligibility for a reduction. The court then discussed its reasons for denying the reduction in light of the section 3553(a) factors. On this record, we conclude that the court properly considered the section 3553(a) factors and adequately explained the sentence. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).

Jordan also contends that the denial of his motion was substantively unreasonable in light of his post-sentencing rehabilitation and other mitigating factors. We conclude that the district court did not abuse its discretion. Jordan's 360-month sentence is not substantively unreasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See United States v. Dunn*, 728 F.3d 1151, 1159 (9th Cir. 2013).

**AFFIRMED.**