UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KALOUD, INC., a California corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SHISHA LAND WHOLESALE, INC., a California corporation and DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No. 16-56138 <br> 16-56401 <br><br> D.C. No. <br> 2:15-cv-03706-RGK-PJW <br> Central District of California, <br> Los Angeles <br><br> ORDER |
| KALOUD, INC., a California corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SHISHA LAND WHOLESALE, INC., a California corporation and DOES, 1-10, inclusive, <br><br> Defendants-Appellants. | No. 16-56500 <br><br> D.C. No. <br> 2:15-cv-03706-RGK-PJW |

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,* District Judge.

Kaloud, Inc.'s motion for clarification is GRANTED. The memorandum

disposition filed on May 30, 2018 is withdrawn, and an amended memorandum

---

\* The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

disposition is filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KALOUD, INC., a California corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SHISHA LAND WHOLESALE, INC., a California corporation and DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No. 16-56138 <br> 16-56401 <br><br> D.C. No. <br> 2:15-cv-03706-RGK-PJW <br><br><br> MEMORANDUM* |
| KALOUD, INC., a California corporation, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SHISHA LAND WHOLESALE, INC., a California corporation and DOES, 1-10, inclusive, <br><br> Defendants-Appellants. | No. 16-56500 <br><br> D.C. No. <br> 2:15-cv-03706-RGK-PJW |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 16, 2018

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and MENDOZA,** District Judge.

Kaloud, Inc. ("Kaloud") appeals the district court orders: (1) granting Shisha Land Wholesale, Inc.'s, et al., ("Shisha Land") Fed. R. Civ. P. 59(e) motion for reconsideration; (2) granting Shisha Land's Fed. R. Civ. P. 50(a) motion for directed verdict; and (3) denying Kaloud's motion for attorney's fees. Shisha Land cross appeals the district court orders granting a permanent injunction against Shisha Land and denying Shisha Land's motion for attorney's fees.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not err in granting Shisha Land's Fed. R. Civ. P. 59(e) motion for reconsideration. A district court may grant a motion for reconsideration if it "committed clear error." *Kona Enterprises*, 229 F.3d at 890.

---

** The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

[1] We decline to reach the issue of whether Kaloud abandoned its flavored hookah water marks because this argument was raised for the first time on appeal and Shisha Land could have raised it below. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal."). We decline to reach whether Kaloud complied with 15 U.S.C. § 1111(d) because Shisha Land did not raise this argument until after the evidence was submitted to the jury and it is a question of fact. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

We review for abuse of discretion. *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001).

The jury awarded damages to Kaloud for Shisha Land's infringement of several marks that were not registered at the time of infringement. The Lanham Act authorizes a plaintiff to elect an award of statutory damages for "use of a counterfeit mark (as defined in section 1116(d) of this title)." 15 U.S.C. § 1117(c). Section 1116(d) defines a "counterfeit mark" as:

> a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered[.]

15 U.S.C. § 1116(d)(1)(B)(i). Kaloud argues that §1116(d)(1)(B)(i) protects both applicants for registration as well as registrants because it does not have a temporal requirement. However, the plain reading of the statute demonstrates that Congress intended to permit statutory damages for infringement of only registered marks. Congress specifically used a temporal modifier by writing in the past tense, using the term "register*ed*" mark instead of "mark pending registration" or "mark undergoing review." In the Lanham Act, when Congress intended to provide the same rights to both applicants and registrants, it made that intention explicit. *See* 15 U.S.C. § 1055 ("If first use of a mark by a person is controlled by the *registrant or applicant* for registration of the mark with respect to the nature and quality of

3

the goods or services, such first use shall inure to the benefit of the registrant or applicant, as the case may be.") (emphasis added). *See also City Messenger of Hollywood, Inc. v. City Bonded Messenger Serv., Inc.*, 254 F.2d 531, 535 (7th Cir. 1958) (holding that a current registrant cannot sustain a cause of action based on registration for an infringement that occurred before registration). Accordingly, the district court correctly granted Shisha Land's Rule 59(e) motion because Kaloud was not legally entitled to remedies under 15 U.S.C. § 1117(c) for marks not registered at the time of infringement.

2.      The district court did not abuse its discretion in granting Shisha Land's motion for directed verdict on the ground that counterfeit products must be identical to the product listed in the registered trademark. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (granting a motion for directed verdict "is appropriate [] if no reasonable juror could find in the non-moving party's favor."). The district court found that Kaloud's trademark for flavored hookah water did not provide trademark protection for charcoal hookah containers. To claim statutory damages under 15 U.S.C. § 1117(c), Kaloud had to prove that "the mark in question be (1) a non-genuine mark identical to the registered, genuine mark of another, where (2) the genuine mark was registered for use on the same goods to which the infringer applied the mark." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 945–46 (9th Cir. 2011) (citing *Idaho Potato*

4

*Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 721 (9th Cir. 2005)).

A charcoal container is not the "same product" as flavored hookah water, and

accordingly, Kaloud was not entitled to statutory damages as a matter of law.

**3.** The district court did not abuse its discretion in granting Kaloud's

request for a permanent injunction. A permanent injunction is available if the

plaintiff shows:

> (1) that it has suffered an irreparable injury; (2) that remedies
> available at law, such as monetary damages, are inadequate to
> compensate for that injury; (3) that, considering the balance of the
> hardships between the plaintiff and defendant, a remedy in equity is
> warranted; and (4) that the public interest would not be disserved by a
> permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also La Quinta*

*Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879–80 (9th Cir. 2014)

(applying *eBay* to trademark law). The district court appropriately found that

Kaloud made the required showing. Moreover, the injunction merely enjoined

Shisha Land from selling one type of hookah charcoal container; the jury found

that Shisha Land willfully counterfeited Kaloud's marks; confusion of these marks

harms consumers because of the health risk of using a lower-quality charcoal

container; and the sale of counterfeit, low-quality products would harm Kaloud's

reputation.

**4.** The district court did not abuse its discretion in denying Kaloud's

motion for attorney's fees on the ground that Kaloud was not the "prevailing

party."[2] "Under § 1117(a), a plaintiff seeking actual damages for trademark infringement is entitled to reasonable attorney's fees only in 'exceptional cases.'" *K & N Eng'g*, 510 F.3d at 1081 (citing 15 U.S.C. § 1117(a)). Kaloud did not receive any damages in this case, and a permanent injunction does not qualify as "actual damages." Accordingly, Kaloud was not entitled to relief under § 1117(a).

5.      We affirm the district court's denial of Shisha Land's motion for attorney's fees because Shisha Land "at best conducted the present litigation inattentively, and at worst acted in bad faith," and therefore, is not entitled to this extraordinary relief. *See Stephen W. Boney, Inc.*, 127 F.3d 821, 825 (9th Cir. 1997).

**AFFIRMED.**[3]

---

[2] Kaloud was entitled to apply for attorney's fees under 15 U.S.C. § 1117(a) even though he elected statutory damages under 15 U.S.C. § 1117(c) instead of actual damages under § 1117(a). *Cf. K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007) (declining to reach whether a plaintiff is entitled to damages under § 1117(a) if he seeks statutory damages under § 1117(c)). Section 1117(c) permits a party to elect "to recover, instead of actual damages and profits under subsection (a), an award of statutory damages." Accordingly, pursuit of damages under § 1117(c) precludes a party only from recovering "actual damages and profits" under § 1117(a), not attorney's fees. *NLRB v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017) (quoting *Chevron U.S.A., Inc. v. Echazabal*, 536 U.S. 73, 81 (2002)) (stating that the interpretive cannon *expressio unius est exclusio alterius* applies "when 'circumstances support[] a sensible inference that the term left out must have been meant to be excluded'"); *see also Louis Vuitton*, 676 F.3d 83, 111 (2d Cir. 2012) (holding that an "award of attorney's fees is available under [§] 1117(a) in 'exceptional' cases even for those plaintiffs who opt to receive statutory damages under [§] 1117(c)"). Accordingly, Kaloud was entitled to pursue attorney's fees.

[3] Each party shall bear its own costs.