**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10224 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00248-WBS |
| v. | |
| MARCO ANTHONY GOMEZ, Jr., a.k.a. Silky, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted August 15, 2018[**]

Before:  FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Marco Anthony Gomez, Jr. appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review discretionary denials of sentence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3. Because we affirm the district court's denial of Gomez's motion, we need not reach his reassignment argument.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

reduction motions for abuse of discretion, *see United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009), and we affirm.

The parties agree that Gomez is statutorily eligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. Gomez argues that the district court erred by failing to consider adequately the 18 U.S.C. § 3553(a) sentencing factors and to explain sufficiently its discretionary decision not to reduce his sentence. The judge who originally sentenced Gomez after holding an evidentiary hearing and issuing detailed findings regarding Gomez's role in the offense, was the same judge who denied his section 3582(c)(2) motion. Although the judge's explanation was brief, in this instance we conclude it was sufficient. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966-67 (2018) (record as a whole, including what was considered in the original sentencing proceedings, was sufficient to demonstrate consideration of the parties' arguments and a reasoned basis for deciding the section 3582(c)(2) motion). The district court did not abuse its discretion in light of the section 3553(a) factors and the totality of the circumstances. *See United States v. Dunn*, 728 F.3d 1151, 1159-60 (9th Cir. 2013).

**AFFIRMED.**

17-10224