**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10237 |
| Plaintiff-Appellee, | D.C. No. 2:07-cr-00248-WBS |
| v. | |
| FAUSTINO GONZALES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Faustino Gonzales appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). The court assumed that

Gonzales was statutorily eligible for a sentence reduction due to Amendment 782

to the Guidelines, but concluded that a reduction was not warranted under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

circumstances.  We have jurisdiction under 28 U.S.C. § 1291.  We review discretionary denials of sentence reduction motions for abuse of discretion, *see United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009), and we affirm.

Gonzales first contends that the court abused its discretion by relying on a 2012-2013 prison disciplinary record to find that he posed a danger to public safety.  The district court was permitted to consider such post-sentencing conduct when ruling on Gonzalez's motion, *see* U.S.S.G. § 1B1.10 cmt. n.1(B), and Gonzalez has not demonstrated that the district court's factual findings or inferences drawn from those records were clearly erroneous, *see United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017).

Gonzales also argues that the court failed to (1) consider all the 18 U.S.C. § 3553(a) sentencing factors, and (2) address explicitly Gonzales's argument that he did not pose a risk to public safety.  It is apparent from the court's statements and the record as a whole that the court properly considered the section 3553(a) factors, as well as Gonzales's arguments, in rendering its decision.  The court was not required to provide a more detailed explanation of its reasoning.  *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) ("[T]he judge need not provide a lengthy explanation if the context and the record make clear that the judge had a reasoned basis for [its decision]") (internal quotation marks omitted).

**AFFIRMED.**

17-10237