NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10232 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-02325-JGZ-1 |
| v. | |
| EMANUEL GERARDO COTA-RUIZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Emanuel Gerardo Cota-Ruiz appeals from the district court's order denying

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court denied Cota-Ruiz's motion for a sentence reduction on two

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

grounds: (1) Cota-Ruiz was ineligible for a reduction under section 3582(c)(2), and (2) even if he were eligible, the 18 U.S.C. § 3553(a) sentencing factors did not warrant a reduction. We need not determine whether Cota-Ruiz is eligible for a reduction because, even assuming he is eligible, the district court did not abuse its discretion by concluding that a reduction was not warranted in light of the totality of the circumstances, including the seriousness of the offense, Cota-Ruiz's role as a leader, and his willingness to use violence. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (sentence reduction under section 3582(c)(2) is only available if defendant is eligible for a reduction and district court determines a reduction is warranted under the section 3553(a) sentencing factors and the circumstances of the case); *United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (discretionary denials of sentence reduction motions are reviewed for abuse of discretion).

Cota-Ruiz also argues that the district court failed to address explicitly his arguments in favor of a sentence reduction. Assuming "district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence," it is apparent from the record as a whole that the court properly considered the section 3553(a) factors, as well as Cota-Ruiz's arguments, in rendering its decision. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). The court was not required to provide a more detailed explanation of its

reasoning. *See id.* at 1966-67.

**AFFIRMED.**