NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30157 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-06039-WFN-1 |
| v. | |
| JERONIMO BARRAGAN NAVA, AKA Juan Ochoa-Vasquez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Jeronimo Barragan Nava appeals pro se from the district court's order

denying his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2017, Nava filed his first motion for a sentence reduction, which the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court denied. Though the court expressed uncertainty about whether Nava's sentence was "based on" the Guidelines such that he was eligible for a reduction, *see* 18 U.S.C. § 3582(c)(2), it ultimately concluded that, even if he were eligible, the "exercise of discretion to lower the sentence would not be appropriate." The court cited the government's withdrawal of the 21 U.S.C. § 851 information in exchange for Nava's plea and the 18 U.S.C. § 3553(a) factors, particularly Nava's "dangerous criminal activities" and the need to protect the public. In 2019, when Nava again moved for a sentence reduction, the court denied the motion, seeing "no reason to revisit the prior decision." Nava now argues that the district court incorrectly decided that he was ineligible for a reduction and that it should have exercised its discretion to grant him a reduction based on his post-sentencing rehabilitation.

We need not determine the first issue because, even assuming Nava was statutorily eligible for a sentence reduction, the district court did not abuse its discretion in concluding that a reduction was not warranted given the significant benefits Nava obtained from the plea agreement, as well as the nature and circumstances of his offense and the need to protect the public. *See United States v. Chaney*, 581 F.3d 1123, 1125-27 (9th Cir. 2009) (district court did not abuse its discretion when it assumed eligibility but declined to exercise its discretion to reduce the sentence based on the facts of the case). To the extent Nava argues that

the district court failed to consider his arguments or explain why it rejected them, the record indicates that the court considered the arguments asserted in Nava's second motion but rejected them because of the factors cited in the first denial. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-66 (2018).

    **AFFIRMED.**