NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  20-10043 |
| Plaintiff-Appellee, | D.C. No.<br>2:07-cr-00109-TLN-1 |
| v. | |
| EDDIE HOUSTON, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 14, 2020**
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,*** District
Judge.

Mr. Eddie Houston, Jr. appeals the district court's order denying his motion

for a sentence reduction under section 404 of the First Step Act of 2018, Pub. L. No.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

115-391, 132 Stat. 5194, 5222. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction on appeal under 28 U.S.C. § 1291. We review the district court's denial of Houston's motion under 18 U.S.C. § 3582(c)(1)(B) for abuse of discretion and any underlying questions of law de novo. *See United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009) (reviewing discretionary denials of sentence reduction motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion). Abuse of discretion includes applying the incorrect law or relying on a clearly erroneous finding of material fact. *Id*. The district court did not abuse its discretion, and we affirm.

Houston argues that the district court's order misstated the law in finding him ineligible under the First Step Act, and abused its discretion by failing to consider the 18 U.S.C. § 3553(a) factors and his related arguments. Houston's contention that the district court deemed him ineligible for a sentence reduction under the First Step Act is based on a misreading of the district court's order. While not as clear as it could have been, the district court did not deem Houston ineligible for a sentence reduction. If that had been the basis for the court's decision, then there would have been no reason for the court to explain that Houston's current sentence is "well-supported" and "falls within the modified statutory penalty range and at the low end of the applicable guideline range." Nor would the district court have exercised its discretion to "decline[] to reduce" Houston's sentence; it would have simply denied

his request as a matter of law. What the district court did was presume without deciding Houston's eligibility, stating that the "plain language of the [First Step Act] *suggests* that the Court may reduce Defendant's sentence." It then exercised its discretion to "decline[] to reduce" further Houston's sentence.

We follow the district court's approach, and assume without deciding that Houston is eligible for a sentence reduction under the First Step Act. Assuming Houston was eligible, the district court did not abuse its discretion in rejecting his request for a further sentence reduction. The district court denied Houston's motion principally on the grounds that retroactively applying the Fair Sentencing Act to his offense did not counsel for a further decrease in a sentence that was already "well-supported" and within the statutory guideline ranges. Houston argues on appeal that the district court was required to "provide a sufficient explanation" for rejecting his specific contention that he merited a reduced sentence based on the section 3553(a) factors (regarding his troubled childhood and current age), his post-conviction record of rehabilitation, and his release plan. *See United States v. Trujillo*, 713 F.3d 1003, 1009–11 (9th Cir. 2013) (requiring some consideration of section 3553(a) factors for motions under section 3582(c)(2)).

But Houston brought his motion under 18 U.S.C. § 3582(c)(1)(B), which omits the requirement that courts consider section 3553(a) factors in modifying sentences. *Compare* 18 U.S.C. § 3582(c)(1)(B) (no requirement to consider the

3

section 3553(a) factors) *with id.* § 3582(c)(1)(A) (requiring consideration of section 3553(a) factors) *and id.* § 3582(c)(2) (same). Thus, the district court was not required to consider the section 3553(a) factors here.

Four years after granting a previous sentence reduction, the district court reasonably declined to find Houston merited a further decrease, even assuming the First Step Act applies. The district court did not abuse its discretion in denying Houston a further sentence reduction of a sentence that is already "well-supported" under the First Step Act.[1]

AFFIRMED.

---

[1] Houston's motion to remand this case to a different district court judge is denied as moot.