**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10143 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:07-cr-00248-WBS-11<br>2:07-cr-00248-WBS |
| v. | |
| EDWARD FUENTES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted January 14, 2021
San Francisco, California

Before: SCHROEDER, BYBEE, and R. NELSON, Circuit Judges.

Edward Fuentes appeals the district court's denial of his motions for

sentence reduction and for compassionate release. Fuentes was sentenced in 2012

to 240 months in prison on drug trafficking convictions after a guilty plea. We

have jurisdiction under 28 U.S.C. § 1291. We review discretionary sentence-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reduction decisions for abuse of discretion and questions of statutory interpretation de novo. *See United States v. Chaney*, 581 F.3d 1123, 1125 (9th Cir. 2009); *United States v. Carey*, 929 F.3d 1092, 1096 (9th Cir. 2019).

This court has already affirmed the district court's discretionary denial of Fuentes's 2017 motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the U.S. Sentencing Commission's reduction of the base offense levels of certain drug-related crimes. *United States v. Fuentes*, 735 F. App'x 356 (9th Cir. 2018). The district court did not abuse its discretion in denying Fuentes's renewed § 3582(c)(2) motion, which was based on asserted exigencies caused by the COVID-19 pandemic. In this appeal, he essentially asks this court to reweigh the factors he argued to the district court, and he does not establish any abuse of the district court's discretion.

The district court also appropriately denied relief under § 3582(c)(1)(A)(i) for failure to exhaust administrative remedies. A court may not excuse a defendant's failure to comply with a statutory exhaustion requirement. *See Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). Fuentes may file a new motion in the district court below after he has exhausted his remedies.

The district court's order is **AFFIRMED.** The government's motion to supplement the record on appeal is **DENIED** as moot.